BURNHAM, HANNA, MUNGER & Co. v. C. A. PATMOR.

No. 89.

1. FRAUD—*Insufficient Evidence.*   Evidence which shows poor business management or misfortune is not necessarily evidence of fraud.

2. ———— *Insufficient Affidavits.*   No fraud is shown by the affidavits filed in this case and the order of attachment was properly discharged.

MEMORANDUM.—Error from Crawford district court; J. S. WEST, judge.   Action in attachment by Burnham, Hanna, Munger & Co. against C. A. Patmor. From an order dissolving the attachment plaintiffs bring the case to this court.   Affirmed.   The opinion herein, filed May 8, 1896, states the material facts.

*J. B. Ziegler*, for plaintiffs in error.

*Morris Cliggitt*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: The plaintiffs, Burnham, Hanna, Munger & Co., brought an action in the district court of Crawford county against C. A. Patmor, as defendant, to recover for money alleged to be due them from him. At the same time they procured an order of attach-

ment to be issued against the defendant, which order was levied upon a stock of general merchandise then in the hands of the National Bank of Pittsburg, Kan., claimed to be the property of said Patmor. The affidavit for the attachment charged:

"First, that the said defendant, C. A. Patmor, has property and rights in action which he conceals.

"Second, that the defendant, C. A. Patmor, has assigned, removed and disposed of his property with the intent to defraud, hinder and delay his creditors.

"Third, that the said defendant, C. A. Patmor, fraudulently contracted the debt, and fraudulently incurred the liability and obligation for which this suit is brought."

Another ground was set forth in the affidavit, but it has been abandoned by the plaintiffs in their brief and we will not consider it. Patmor filed a motion to dissolve the attachment. The motion was submitted to the judge of the district court at chambers, upon affidavits in writing presented on behalf of each side, and he made an order discharging the attachment. The plaintiffs excepted to the order, and bring the case here for review.

The error complained of is that the judge erred in finding that the allegations in said plaintiffs' affidavit for attachment were untrue, by reason of which he dissolved the attachment. The affidavits establish the fact that the defendant had been in the mercantile business for several years; that he had very little capital at the time he began; that during the course of his business he became indebted to the National Bank of Pittsburg in the sum of $8,302.67 for money borrowed of it; that on January 4, 1892, at the solicitation of the attorney for said bank, Patmor turned over to it the stock of merchandise and all book-accounts and some other property, and on the same day ex-

ecuted and delivered to said bank a chattel mortgage upon said property.   Patmor afterward gave chattel mortgages to his other creditors in the order in which they asked for them, including one to these plaintiffs.

On January 29, 1892, these plaintiffs procured the issuance of this order of attachment.   On January 4, 1892, the total indebtedness of Patmor was $12,934.10. He had as resources merchandise which was appraised while in the hands of the sheriff under this order at the sum of $3,611.52; book-accounts to the amount of about $9,000; building and loan stock, $300; and equities in real estate which he says are worth $1,000. This make a total of $13,911.52, according to Patmor's estimate of value, and he further swears that besides this he had charged off the books in accounts and notes $836 of bad debts.

The counsel for plaintiffs contends that the merchandise at forced sale could not be sold for over $2,000;   that the book-accounts were worth only $4,050;   that the equities in the real estate were worth only $400, making the value of all the property $6,750; and there is some evidence to sustain these values.   The fact that Patmor sold his goods and took poor accounts for them shows that he was not a good, careful business man, but it does not establish fraud.   The fact that his goods and real estate ceased to command as many dollars as they formerly did would indicate that the unit of values had increased in purchasing power by reason of the stringency in the money market, or for some other reason.   This would be a great misfortune to Patmor or any other debtor, but is no proof of fraud on his part.

Without following all the arguments upon both sides of this case, we may say that there is no evidence tending to establish the fact that said Patmor had any

property or rights in action except such as was exempt and that included in the property turned over to the bank.    The evidence establishes the fact that Patmor made the said bank a preferred creditor, but there is no evidence that he assigned, removed or disposed of any of his property with the intent to defraud, hinder and delay his creditors.    There is no evidence tending to show that said Patmor fraudulently contracted the debt which he owed to these plaintiffs.

The order of the judge of the district court in discharging the attachment is affirmed.

All the Judges concurring.